IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

RODNEY SMITH, an individual

Plaintiff,

v.

BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM,

Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW Plaintiff, Rodney Smith, by and through his counsel, Erik G. Fischer, P.C., and asserts the following Complaint against Defendant, Board of Governors of the Colorado State University System, stating as follows:

**PARTIES**

1. Plaintiff, Rodney Smith, is an individual residing at 3453 Pinecliffe Avenue, Loveland, CO 80538.

2. Defendant, Board of Governors of the Colorado State University System (hereinafter "CSU"), is established as a body corporate organized under Title 23, Article 30, C.R.S., to govern the Colorado State University System. The Board of Governors is a governing board pursuant to Article VIII, Section 5, of the Colorado Constitution. Colorado State University, formerly named the "Colorado Agricultural and Mechanical College," is a part of the Colorado State University System and a state-sponsored institution of higher education organized under Article VIII, Section 5, and Title 23, Article 30, C.R.S.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The jurisdiction of this Court is invoked pursuant to the provisions of Title VII, 42 USC 2000e and the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the general civil rights jurisdiction provisions of 28 U.S.C. § 1343(a)(4).

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1367 over the State claims which are so related to federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 since the alleged acts occurred in Colorado.

**GENERAL ALLEGATIONS**

6. Plaintiff Rodney Smith ("Plaintiff" or "Smith") was a long time employee of Defendant CSU ("Defendant" or "CSU") within the office of the Colorado State University Police Department ("CSU PD").

7. Plaintiff began his employment with the CSU PD in January 1991.

8. Plaintiff was unlawfully terminated from CSU PD on August 2013.

9. At the time of his termination, Plaintiff was one of only two African-American officers employed by CSU-PD

10. At the time of his termination, Plaintiff held the position of Police Officer II (Corporal).

11. Beginning on or about 2013, Plaintiff began suffering harassment at the hands of his fellow officers.

12. Other officers frequently asked Mr. Smith when he was going to stop working for CSU-PD.

13. In April 2013, the other African-American police officer employed by CSU-PD cautioned Mr. Smith to not be pushed out of his employment by other officers.

14. On June 14, 2013, Mr. Smith undertook Colorado Police Officer Standards and Training Certification ("P.O.S.T.")

15. P.O.S.T. Certification requires the completion of target shooting at a firing range.

16. Officers Schnorr, Turner, and Falbo of the CSU-PD served as firearm instructors for Mr. Smith's P.O.S.T. Certification.

17. Mr. Smith used his 9mm service pistol at the shooting range for P.O.S.T. Certification.

18. During his attempts at P.O.S.T. Certification, Mr. Smith was given a mix of 9mm and 40 caliber ammunition. Although the 40 caliber ammunition could be loaded into the weapon, would not fire and caused his weapon to jam and malfunction.

19. After Mr. Smith's weapon began malfunctioning, Officers Schnorr, Turner, and Falbo began snickering amongst themselves.

20. Upon information and belief, Officer Schnorr intentionally provided Mr. Smith with improper ammunition so that he would fail his P.O.S.T. Certification.

21. Upon information and belief, Officers Schnorr, Turner, and Falbo sought to oust Mr. Smith from the CSU-PD due to his race.

## **FIRST CLAIM FOR RELIEF**

**(Violation of the Civil Rights Acts of 1964 and 1991 - Sexual Harassment)**

1. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs as though fully set forth therein.

2. Defendant violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, by allowing and fostering a hostile work environment thereby allowing Mr. McDaniel to engage in sexual harassment.

3. Defendant had actual knowledge of the sexual harassment.

4. Defendant's response to the on-going actions of Mr. McDaniel was insufficient as it failed to adequately remedy Plaintiff's work environment.

5. Defendant's failure to appropriately respond to Plaintiff's claims of sexual harassment created a hostile and intolerable work environment.

6. For Plaintiff, Defendant's workplace was permeated with discriminatory intimidation, ridicule, and insult from Mr. McDaniel's routine actions such that Plaintiff felt she was in danger, thereby interfering with her ability to perform her work.

7. Management level employees of Defendant were aware of, or in the exercise of reasonable care should have known of, the continued actions of Mr. McDaniel.

8. These actions were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive, hostile, and intolerable work environment.

9. Defendant failed to remedy the working environment or prevent the harassment.

10. As a result of Defendant's conduct, Plaintiff has suffered injuries and damages, entitling the Plaintiff to damages, the exact amount to be determined at trial.

**<u>THIRD CLAIM FOR RELIEF</u>**
**(Negligent Infliction of Emotional Distress)**

11. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs as though fully set forth therein.

12. Defendant was negligent in its supervision of Mr. McDaniel, thereby failing to keep Plaintiff's work environment safe.

13. Defendant's negligence created an unreasonable risk of physical harm to Plaintiff.

14. Defendant's negligence caused Plaintiff to be placed in fear of her safety as Mr. McDaniel's harassment was intense and pervasive.

15. The fear suffered by Plaintiff caused physical consequences and a long-continued emotional disturbance.

16. The sexual harassment by Mr. McDaniel was continuous and not a momentary fright or shock.

17. Plaintiff was forced to seek medical treatment for her chronic anxiety, insomnia, fatigue, high blood pressure, abdominal pain, nausea, vomiting, and depression as a result of Mr. McDaniel's actions.

18. Plaintiff was forced to take time off work resulting in lost wages, use of sick leave, and has incurred medical expenses.

19. As a result of Defendant's conduct, Plaintiff has suffered injuries and damages, entitling the Plaintiff to damages, the exact amount to be determined at trial.

WHEREFORE, Plaintiff Elaine Warren respectfully requests the Court enter judgment in her favor and against Defendant Guardsmark LLC as follows:

a. Award Plaintiff compensatory damages for her lost wages;

b. Award Plaintiff all consequential damages based upon Defendant's actions including future lost wages, medical bills, pain and suffering, and damages to her reputation;

c. Award Plaintiff treble damages, attorney's fees, and costs pursuant to statute; and

d. For any other relief which this Court believes is just and proper.

**PLAINTIFF DEMANDS A JURY OF 12.**

Dated this 15th day of August, 2013.

**ERIK G. FISCHER, P.C.**

*/s/ Erik G. Fischer*
Erik G. Fischer, #16856
Gordon M. Hadfield, #42759
Erik G. Fischer, P.C.
125 South Howes, Suite 900
Fort Collins, CO 80521
Telephone: 970/482-4710
Facsimile: 970/482-4729
Email: erik@fischerlawgroup.com
gordon@fischerlawgroup.com\
*Counsel for Plaintiff*

Plaintiff's Address:
4430 Burton Way #738
Colorado Springs, CO 80918